IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHRISTINA WILKINS, KATHERYN E.
WILKINS and CLIFFORD WILKINS,

     CASE NO. _____

   Plaintiffs,

vs.

SMITHS MEDICAL INTERNATIONAL, LTD.   **NOTICE OF REMOVAL**
(improperly plead as "Smiths Medical");
SMITHS MEDICAL ASD, INC. f/k/a
PORTEX, INC.; and JOHN DOE(S)
(1-100), a fictitious name for a presently
unknown and/or unidentified
individual(s)/entity(ies),

   Defendants.

TO: The Honorable Judges of the United States District Court,
   District of New Jersey, Camden Division

Defendants, Smiths Medical International, Ltd. and Smiths Medical ASD, Inc. f/k/a Portex, Inc. (collectively "Smiths Medical"), hereby files this Notice of Removal pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446(a), and in support thereof states and alleges as follows:

  1. Plaintiffs are citizens and residents of the State of New Jersey.

2.    Smiths Medical International, Ltd. is an English corporation with its principal place of business located in England. Smiths Medical ASD, Inc. is a Delaware corporation with its principal place of business located in Massachusetts. Smiths Medical ASD was formerly known as Portex, Inc.

3.    On or about February 13, 2008, the Plaintiffs filed their Complaint in the New Jersey Superior Court, Camden County - Law Division, under Docket Number CAM-L-0888-08. Plaintiffs' Complaint is now pending therein. (This action is hereinafter referred to as the "State Court Action.")

4.    Smiths Medical received a copy of the Complaint for the State Court Action by U.S. Mail on or about March 4, 2008. Smiths Medical is unaware of any efforts made by Plaintiffs to effect personal service as required under New Jersey's R. 4:4-3(a). A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A."

5.    Plaintiffs inaccurately named "Smiths Medical," Portex, Inc. and "John Doe(s) (1-100)" as defendants in this action. In fact, the only proper defendants to this action are Smiths Medical International, Ltd., the subject device's designer and manufacturer, and Smiths Medical ASD, Inc. f/k/a Portex, Inc., the subject device's distributor. Plaintiffs' Complaint does not make any specific allegations directed at unknown Doe defendant. Rather Plaintiffs' claims are strictly based on products liability. Since Smiths Medical International, Ltd. and Smiths Medical ASD, Inc. are the manufacturer and distributor, respectively, of the Blue Line Tracheostomy Tube, John Doe(s) 1-100 are nominal parties whose residency should not be considered for removal purposes.]

6.    This action is a civil suit for damages arising out of Plaintiff Christina Wilkins's alleged injuries resulting from alleged product defects in Smiths Medical's Blue Line Tracheostomy Tube on or about May 21, 2006, as more fully appears in the Complaint. Plaintiffs Katheryn and Clifford Wilkins claim injuries resulting from their alleged loss of services from Christine Wilkins, as well as their observation of Christine Wilkins's alleged injuries and symptoms at or around the time of the subject incident and through surgery and beyond.

7.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) and removal of this action is proper pursuant to 28 U.S.C. §§ 1441(b) and 1446(b).

8.    The amount in controversy is over $75,000 as indicated by Plaintiffs' Complaint, First Count ¶ 4, alleging that Christina Wilkins has or will incur "severe, consequential, significant and/or permanent personal injuries, pain and suffering, disabilities, emotions distress, medical bills and costs," Second Count ¶ 3 and Fourth Count ¶ 4, alleging that Katheryn and Clifford Wilkins have "suffered, and will in the future suffer, the loss of special services of [their] daughter; has been, and will be, required to provide special care and services to her; and, has incurred and will incur costs and expenses in [their] endeavor to help cure [their] daughter of her injuries," and Third Count ¶ 3 and Fifth Count ¶ 5, alleging that Katheryn and Clifford Wilkins have "sustained severe, consequential, significant and/or permanent personal injuries, extreme emotional distress, pain and suffering, extreme emotional distress [sic], medical bills and costs."

9.    Although Plaintiffs' service of process was inadequate under the New Jersey Rules, this Notice is filed with this Court within thirty (30) days of Smiths Medical's receipt by mail of the Complaint.

WHEREFORE, Smiths Medical International, Ltd. and Smiths Medical ASD, Inc. hereby notify all interested parties that this action is removed from the New Jersey Superior Court, Camden County - Law Division, to this Court for all future proceedings and trial.

DATED: March 27, 2008

Respectfully Submitted,

_____
James S. Dobis, Esq. (1425)
Dobis, Russell & Peterson, P.C.
326 South Livingston Avenue
Livingston, NJ 07039
(973) 740-2474

and

Michelle R. Gilboe
Shane V. Bohnen
BOWMAN AND BROOKE LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
(612) 339-8682

ATTORNEYS FOR
DEFENDANTS, SMITHS MEDICAL
INTERNATIONAL, LTD. AND SMITHS
MEDICAL ASD, INC.

EXHIBIT A

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for Initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),**
if information above the black bar is not completed or
if attorney's signature is not affixed.



| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: CK    CG    CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| Michael J. Glassman, Esquire | (856) 784-9222 | Camden |

**FIRM NAME** (If applicable)
Michael J. Glassman & Associates, LLC

**DOCKET NUMBER** (When available)
CAM · L - 0892 - 08

**OFFICE ADDRESS**
Laurelwood Corporate Center, Suite 140
1103 Laurel Oak Road
Voorhees, New Jersey  08043

**DOCUMENT TYPE**
Complaint

**JURY DEMAND**  ☒ YES  ☐ NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| CHRISTINA WILKINS, KATHERYN E. WILKINS, and CLIFFORD WILKINS, Plaintiffs | CHRISTINA WILKINS, KATHERYN E. WILKINS, and CLIFFORD WILKINS v. SMITHS MEDICAL; PORTEX, INC.; and JOHN DOE(S)(1-100) |

**CASE TYPE NUMBER**
(See reverse side for listing)

606

**IS THIS A PROFESSIONAL MALPRACTICE CASE?** ☐ YES  ☒ NO

IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?**  ☐ YES  ☒ NO

**IF YES, LIST DOCKET NUMBERS**

**DO YOU ANTICIPATE ADDING ANY PARTIES** (arising out of same transaction or occurrence)?  ☒ YES  ☐ NO

**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN**
☐ NONE
☒ UNKNOWN

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☐ YES  ☒ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) ☐ FAMILIAL  ☐ BUSINESS |
| --- | --- | --- |

**DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?**  ☐ YES  ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
| --- | --- |

**WILL AN INTERPRETER BE NEEDED?**  ☐ YES  ☒ NO   IF YES, FOR WHAT LANGUAGE:

**ATTORNEY SIGNATURE**

page 1 of 2

Revised effective 9/1/2007, CN 10517-English



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for Initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

### Track II — 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III — 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV — Active Case Management by Individual Judge / 450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Mass Tort (Track IV)
| | | | | |
|---|---|---|---|---|
| 241 | TOBACCO | | 274 | RISPERDAL/SEROQUEL/ZYPREXA |
| 248 | CIBA GEIGY | | 275 | ORTHO EVRA |
| 264 | PPA | | 276 | DEPO-PROVERA |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | | 601 | ASBESTOS |
| 271 | ACCUTANE | | 619 | VIOXX |
| 272 | BEXTRA/CELEBREX | | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold        ☐ Putative Class Action        ☐ Title 59

Revised effective 9/1/2007, CN 10517-English

**MICHAEL J. GLASSMAN & ASSOCIATES, LLC**
By:    Michael J. Glassman, Esquire
Laurelwood Corporate Center
1103 Laurel Oak Road, Suite 140
Voorhees, New Jersey 08043-4318
(856) 784-9222
ATTORNEYS FOR PLAINTIFF



---

**CHRISTINA WILKINS, KATHERYN E. WILKINS, and CLIFFORD WILKINS,**

Plaintiffs;

v.

**SMITHS MEDICAL; PORTEX, INC.; and JOHN DOE(S)(1-100),** a fictitious name for a presently unknown and/or unidentified individual(s)/entity(ies),

Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
CAMDEN COUNTY

DOCKET NO. CAM-L- 0888 -08

Civil Action

**C O M P L A I N T**

---

Plaintiffs, CHRISTINA WILKINS, KATHERYN E. WILKINS and CLIFFORD WILKINS, being of full age, residing at 31 Mary Ellen Lane, Erial, New Jersey 08081, by way of Complaint state as follows:

**COUNT ONE**

1.    On or about May 21, 2006, the PLAINTIFF, CHRISTINA WILKINS (date of birth: 03/10/1989), was a consumer/user of a product known as a "Blue Line Tracheostomy Tube".

2.    Said product was designed, manufactured and distributed by the DEFENDANTS, SMITHS MEDICAL; PORTEX, INC.; and/or, JOHN DOE(S)(1-100), a fictitious name for a presently unknown and/or unidentified entity(ies)/individual(s).

MICHAEL J.
GLASSMAN &
ASSOCIATES,
LLC
TORNEYS-AT-LAW

1

3.      On the aforesaid date, an adverse event occurred wherein a portion of the tracheostomy tube system within PLAINTIFF'S body broke off or otherwise separated from the remainder of the system and migrated through PLAINTIFF's body.

4.      As a direct and proximate result of the accident, PLAINTIFF CHRISTINA WILKINS has incurred, is incurring and/or shall incur severe, consequential, significant and/or permanent personal injuries, pain and suffering, disabilities, emotional distress, medical bills and costs.

5.      In addition, the PLAINTIFF has been, and shall be, restricted and/or prevented from pursuing her usual activities.

6.      The aforesaid accident, injuries and damages were directly and proximately caused by the tracheostomy tube system which PLAINTIFF was using, and/or its component parts, and the DEFENDANT(S) are liable under products liability theories including, but not limited to, N.J.S.A. 2A:58(c)(1), et seq., in that, among other reasons, said product was defective, dangerous and/or not reasonably fit, suitable or safe for its intended and foreseeable purpose(s), and/or was defectively designed and/or manufactured and/or failed to contain adequate warning or instructions and/or was inadequate with improper post-sale or distribution instructions and/or warnings and/or improper failure to recall and was further defective and improper.

*WHEREFORE*, PLAINTIFF CHRISTINA WILKINS hereby demands judgment against DEFENDANTS SMITHS MEDICAL; PORTEX, INC.; and/or, JOHN DOE(S)(1-100), individually, jointly, severally and in the alternative, for damages, interest, costs and for such other legal and equitable relief as may seem just and proper to the Court.

MICHAEL J.
GLASSMAN &
ASSOCIATES,
LLC
ATTORNEYS-AT-LAW

2

## COUNT TWO

1.    PLAINTIFF KATHERYN E. WILKINS hereby repeats and incorporates by reference the allegations of COUNT ONE as if they were set forth here at length.

2.    PLAINTIFF KATHERYN E. WILKINS is the mother of PLAINTIFF CHRISTINA WILKINS.

3.    As a result of the injuries and damages suffered by her daughter as aforesaid, PLAINTIFF KATHERYN E. WILKINS has suffered, and will in the future suffer, the loss of the usual and special services of her daughter; has been, and will be, required to provide special care and services to her; and, has incurred and will incur costs and expenses in her endeavor to help cure her daughter of her injuries.

**WHEREFORE,** PLAINTIFF KATHERYN E. WILKINS, individually, and as the parent and natural guardian of PLAINTIFF CHRISTINA WILKINS hereby demands judgment be entered in her favor against DEFENDANTS SMITHS MEDICAL; PORTEX, INC.; and/or, JOHN DOE(S)(1-100), individually, jointly, severally and in the alternative, for damages, interest, costs and for such other legal and equitable relief as may seem just and proper to the Court.

## COUNT THREE

1.    PLAINTIFF KATHERYN E. WILKINS hereby repeats and incorporates by reference the allegations of the COUNTS ONE and TWO as if they were set forth here at length.

MICHAEL J.
GLASSMAN &
ASSOCIATES,
LLC
TORNEYS-AT-LAW

3

2.      PLAINTIFF KATHERYN E. WILKINS was present with and observed CHRISTINA WILKINS injuries and symptoms from the initiation of the aforesaid adverse event, through surgery and beyond.

3.      As a result of the aforesaid event and its consequences to PLAINTIFF CHRISTINA WILKINS, PLAINTIFF KATHERYN E. WILKINS has sustained severe, consequential, significant and/or permanent personal injuries, extreme emotional distress, pain and suffering, extreme emotional distress, medical bills and costs.

**WHEREFORE**, PLAINTIFF KATHERYN E. WILKINS, individually, and as the parent and natural guardian of PLAINTIFF CHRISTINA WILKINS hereby demands judgment be entered in her favor against DEFENDANTS SMITHS MEDICAL; PORTEX, INC.; and/or, JOHN DOE(S)(1-100), individually, jointly, severally and in the alternative, for damages, interest, costs and for such other legal and equitable relief as may seem just and proper to the Court.

## COUNT FOUR

1.      PLAINTIFF CLIFFORD WILKINS hereby repeats and incorporates by reference the allegations of COUNT ONE as if they were set forth here at length.

2.      PLAINTIFF CLIFFORD WILKINS is the father and natural guardian of PLAINTIFF CHRISTINA WILKINS.

MICHAEL J.
GLASSMAN &
ASSOCIATES,
LLC
ATTORNEYS-AT-LAW

3.      As a result of the injuries and damages suffered by her daughter as aforesaid, PLAINTIFF CLIFFORD WILKINS has suffered, and will in the future suffer, the loss of the usual and special services of his daughter; has been, and will be, required to provide special care and services to her; and, has incurred and will incur costs and expenses in her endeavor to help cure his daughter of her injuries.

4

WHEREFORE, PLAINTIFF CLIFFORD WILKINS, individually, and as the parent and natural guardian of PLAINTIFF CHRISTINA WILKINS hereby demands judgment be entered in her favor against DEFENDANTS SMITHS MEDICAL: PORTEX, INC.: and/or, JOHN DOE(S)(1-100), individually, jointly, severally and in the alternative, for damages, interest, costs and for such other legal and equitable relief as may seem just and proper to the Court.

## COUNT FIVE

1.     PLAINTIFF CLIFFORD WILKINS hereby repeats and incorporates by reference the allegations of COUNTS ONE AND FOUR as if they were set forth here at length.

2.     PLAINTIFF CLIFFORD WILKINS learned of CHRISTINA WILKINS' condition shortly after the initiation of the adverse event, and he promptly attended to her and continually observed her injured condition and circumstances.

3.     As a result of the aforesaid event and its consequences to PLAINTIFF CHRISTINA WILKINS, PLAINTIFF CLIFFORD WILKINS has sustained has sustained severe, consequential, significant and/or permanent personal injuries, extreme emotional distress, pain and suffering, extreme emotional distress, medical bills and costs.

WHEREFORE, PLAINTIFF CLIFFORD WILKINS, individually, and as the parent and natural guardian of PLAINTIFF CHRISTINA WILKINS hereby demands judgment be entered in his favor against DEFENDANTS SMITHS MEDICAL; PORTEX, INC.; and/or, JOHN DOE(S)(1-100), individually, jointly, severally and in the alternative, for damages, interest, costs and for such other legal and equitable relief as may seem just and proper to the Court.

MICHAEL J.
GLASSMAN &
ASSOCIATES,
LLC
ATTORNEYS-AT-LAW

5

## JURY DEMAND

The PLAINTIFFS hereby demand a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, notice is given that MICHAEL J. GLASSMAN, ESQUIRE, is hereby designated as trial counsel.

## DEMAND FOR DISCOVERY

Pursuant to R. 4:17-1(b), demand is hereby made for each DEFENDANT to provide answers to **Form C** and **Form C(4) Uniform Interrogatories** of Appendix II of the New Jersey Court Rules.

## CERTIFICATION

This is to certify that this matter is not the subject of any other pending action in any court, or of any pending arbitration proceeding and that none is contemplated. There are no other presently known parties who should be joined as parties to this action.

**MICHAEL J. GLASSMAN & ASSOCIATES, LLC**
ATTORNEYS FOR THE PLAINTIFFS

By: _____
MICHAEL J. GLASSMAN, ESQUIRE

MICHAEL J.
GLASSMAN &
ASSOCIATES,
LLC
ATTORNEYS-AT-LAW

**Dated:**   February 13, 2008

6